# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ANTONIO FIELDS, | ) | CASE NO. 1:15CV2644 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| ALAN LAZAROFF, Warden, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge Kathleen B. Burke (Doc. No. 9 ["R&R"]) recommending dismissal of this petition for writ of habeas corpus filed under 28 U.S.C. § 2254. *Pro se* petitioner Antonio Fields ("Fields") filed objections to the R&R. (Doc. No. 11 ["Obj."].)

In accordance with 28 U.S.C. § 636(b)(1) and *United States v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001), this Court has made a *de novo* determination of the magistrate judge's R&R. For the reasons stated below, the Court overrules Fields's objections, adopts the R&R in its entirety, and dismisses Fields's petition for a writ of habeas corpus.

## I. BACKGROUND

Fields filed his habeas petition to challenge his 2013 conviction for aggravated burglary, in connection with a 2010 encounter at the home of Fields's girlfriend that turned into a violent domestic disturbance requiring the intervention of law enforcement. In addition to aggravated burglary, a jury convicted Fields of multiple counts of kidnapping and aggravated robbery, with repeat violent offender specifications, along with one count each of assault and obstructing

official business. In her R&R, the magistrate judge summarized the factual predicate for these offenses, as determined by the state appellate court, as well as Fields's efforts to appeal his convictions in the state courts. Fields has demonstrated no error in this summary and, as such, the Court will not reiterate those background facts herein. The magistrate judge further set forth the proper legal standard for habeas review, including the procedural requirements a petitioner must meet in order to have his claims reviewed in federal court. Fields takes no issue with these portions of the R&R, and the Court will accept them, as if rewritten herein.

In his federal habeas petition, Fields raises the solitary ground for relief that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting his conviction for aggravated burglary. (Doc. No. 1 (Petition) at 17.[1]) As a basis for this ground, Fields offers the following:

> The state prosecutor failed as a matter of law, to prove beyond a reasonable doubt that the [p]etitioner committed the crime of aggravated burglary per [Ohio] Revised Code [§] 2911.11(A). The record in [p]etitioner's case reflects, that [p]etitioner did not trespass into the residence by force, stealth, or deception with purpose to commit any criminal offense. The record supports the fact the [p]etitioner is always welcomed to the residence, and is even free to come and go as he pleases. The incidents which occurred in the residence i.e. kidnappings, assault, etc. is merely incidental; resulting in the escalating argument between [Fields's girlfriend] and [p]etitioner.

(*Id.*, all punctuation in original.)

The magistrate judge found this ground to be procedural defaulted "because, although [Fields] raised his claim of ineffective assistance of appellate counsel in his Rule 26(B) Application [to Reopen Direct Appeal], he never appealed the Ohio Court of Appeal's denial of

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

his Application to the Ohio Supreme Court[,]"[2] and the time for filing such an appeal has passed. (R&R at 258.) Moreover, the magistrate judge concluded that Fields failed to overcome this procedural bar to federal habeas review. While acknowledging the default, Fields argued that the default should be excused because he was prevented from appealing due to a mailing error that directed a copy of the state appellate court's order to his appellate attorney even though Fields was proceeding *pro se*. Without adequate notice of the ruling, Fields claimed that he was unable to file a timely appeal with the Ohio Supreme Court. The magistrate judge found that, even if such an explanation adequately demonstrated "cause" for the default, Fields's argument still failed because he was unable to also demonstrate "actual prejudice" resulting from the alleged violation of federal law. (R&R at 259.) Fields challenges this determination.

## II. LAW AND DISCUSSION

It is well settled that a state prisoner cannot receive federal habeas review of a claim that has been procedurally defaulted. *See Seymour v. Walker*, 224 F.3d 542, 550 (6th Cir. 2000) (When a petitioner's claim is denied in state court "due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review.") Where a petitioner's claim is procedurally defaulted, he may obtain habeas review of the claim "only by showing that there was cause for the default and prejudice resulting from the default, or that a miscarriage of justice will result from enforcing the procedural default in the petitioner's case." *Id*.

---

[2] As the magistrate judge observed, the state appellate court denied the application, "stating that Fields failed to show that his appellate counsel was ineffective for not raising a sufficiency argument as to his aggravated burglary conviction and failing to show that there was a reasonable probability that such an argument would have been successful." (R&R at 254.)

Again, Fields does not take issue with the determination in the R&R that his claim is procedurally defaulted because he failed to file a timely appeal of the state appellate court's denial of his application. Rather, he objects to the conclusion in the R&R that he has failed to show actual prejudice resulting from a violation of federal law. (Obj. at 265.) According to Fields, "the actual prejudice is a lack of effective assistance of counsel, and denial of due process."[3] (*Id*. at 268.) He argues that it was his counsel's duty to "highlight the most meritorious issues [on appeal] and eliminate the sure losers." (*Id*.) By failing to raise the sufficiency of the evidence supporting the aggravated burglary conviction, Fields maintains that his counsel denied him the right to be heard on a "'dead bang' winner" of an argument on appeal. (*Id.* at 265-69.)

Fields's argument is fatally flawed because he cannot meet the standard for demonstrating ineffective assistance of counsel. Under that standard, a petitioner must demonstrate that counsel's performance was deficient, and that this deficient performance caused prejudice to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To demonstrate that counsel's performance was deficient, a petitioner must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Id*. To establish that the deficient performance caused prejudice to the petitioner, he must show that the counsel's errors were so serious that the petitioner was deprived a fair trial. *Id*. Essentially, a petitioner must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

---

[3] Fields also complains that he was not afforded an opportunity to demonstrate actual prejudice by way of a traverse because respondent failed to serve him with a copy of the return of writ. (Obj. at 267-68.) It is unclear from the docket whether respondent properly served Fields with a copy of the return. However, Fields did receive a copy of the R&R and was given a full opportunity to attempt to demonstrate actual prejudice in his objections.

However, a petitioner's disagreements with the strategies or tactics of counsel are not enough to support an ineffective assistance of counsel claim. *See id*. at 689. "The Supreme Court has made clear that a criminal defendant has no constitutional right to demand that appellate counsel raise every possible colorable issue on appeal." *Lee v. Haas*, 197 F. Supp. 3d 960, 973 (E.D. Mich. 2016) (citing *Jones v. Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983)). "[W]innowing out weaker arguments on appeal and focusing on those most likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy," *Smith v. Murray*, 477 U.S. 527, 536, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986), and a failure to raise a claim will not amount to ineffectiveness so long as counsel "exercise[d] reasonable professional judgment." *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003). Further, even if the rejected claim is non-frivolous, the required showing of prejudice cannot be made if the claim lacks merit. *Burton v. Renico*, 391 F.3d 764, 774 (6th Cir. 2005).

In his objections, Fields argues, once again, that state appellate counsel was ineffective for failing to challenge the sufficiency of the evidence supporting his aggravated burglary conviction because the evidence at trial showed that Fields had permission to enter his girlfriend's home. (Obj. at 270 ["By having the high privilege of going in and out of the residence whenever he pleases, Fields was not a trespasser, [and] the state has failed to prove these essential elements of the offense."].) He claims that, once he was lawfully inside, the potential for an aggravated burglary offense evaporated, and, when his interactions with his girlfriend eventually turned violent, he committed the separate offense of assault. (*Id*. at 271.)

In rejecting this same argument, the state appellate court aptly observed that Fields's view of the law and facts failed to take into consideration the fact that a criminal trespass,

necessary for an aggravated burglary conviction, occurs when someone, without privilege to do so, "knowingly enter[s] *or remain[s]*" on the premises. (Doc. No. 8-1 (Journal Entry) at 225.) *See* Ohio Rev. Code § 2911.21(A). Even if an individual enters a structure with the privilege to do so, his presence on the premises may turn into a criminal trespass if he remains after being asked to leave. *See State v. Fontes*, 721 N.E.2d 1037, 1040 (Ohio 2000) (holding that "for purposes of defining the offense of aggravated burglary pursuant to R.C. [§] 2911.11, a defendant may form the purpose to commit a criminal offense *at any point* during the course of a trespass") (emphasis added); *see also State v. Steffen*, 509 N.E.2d 383, 389 (Ohio 1987) (finding that "even assuming lawful initial entry, the jury was justified in inferring from the evidence that appellant's privilege to remain in [the victim's parents'] home terminated the moment he commenced his assault on her").

Here, the state appellate court found that Fields's girlfriend and her sister each asked Fields to leave after his behavior turned violent, but Fields refused to leave. *State v. Fields*, No. 13CA010453, 2014 WL 6865582, at *5 (Ohio Ct. App. Dec. 8, 2014). The Court is bound by this factual determination, and such a finding would support a jury verdict that Fields committed a criminal trespass when he assaulted his girlfriend and did not leave.[4] *See, e.g., State v. Murray*, No. 2003-L-045, 2005 WL 820540, at *8 (Ohio Ct. App. Apr. 8, 2005) (In affirming a conviction for aggravated burglary, the court noted that "even if appellant had valid permission to enter, such permission was implicitly revoked upon his act of violence against the victim.") Because Fields's argument relative to Ohio criminal trespass law is without any merit, he cannot

---

[4] A federal habeas court is bound by factual determinations by the state appellate unless the petitioner can demonstrate by clear and convincing evidence that the state court's findings were incorrect. *See* 28 U.S.C. § 2254(e)(1); *Railey v. Webb*, 540 F.3d 393, 397 (6th Cir. 2008). Fields has not even attempted to meet this demanding standard, and the state appellate court's findings are presumed correct.

establish either prong of the *Strickland* standard from his counsel's failure to raise this frivolous argument. *See Goff v. Bagley*, 601 F.3d 445, 469 (6th Cir. 2010) (appellate counsel was not ineffective for failing to raise a patently frivolous argument).

Of course, even if Fields could meet the *Strickland* standard for ineffectiveness, it still would not be sufficient to overcome the procedural bar to federal review because "actual prejudice to excuse a habeas petitioner's procedural default requires more than the prejudice prong under *Strickland*." *Jones v. Bell*, 801 F.3d 556, 563 (6th Cir. 2015). "In fact, [the court] do[es] not presume actual prejudice even when the counsel's error resulted in *Strickland* prejudice." *Id*. Instead, to satisfy this burden, a habeas petition must demonstrate with "a reasonable probability that, but for his counsel's unreasonable failure to raise this issue on appeal, he would have prevailed." *Moore v. Mitchell*, 708 F.3d 760, 777 (6th Cir. 2013) (quotation marks and citations omitted). Furthermore, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). "The 'most important aspect to this inquiry is the strength of the case against the defendant" and whether a trial without errors would still have resulted in *conviction*.'" *Jones*, 801 F.3d at 563 (quoting *Ambrose v. Booker*, 684 F.3d 638, 652 (6th Cir. 2012)).

Fields's objection does not demonstrate that prejudice occurred to the point that his entire trial was affected and that he experienced actual and substantial disadvantage. Indeed, his only argument relative to actual prejudice rests on his mistaken belief that appellate counsel was ineffective for failing to raise a meritless argument relative to the elements of aggravated

7

burglary. Fields has also failed to demonstrate that an alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense. *Dretke v. Haley*, 541 U.S. 386, 388, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004); *see Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (discussing "miscarriage of justice" exception). "'Actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). Fields makes no such showing here, and, in fact, admits that once inside his girlfriend's residence, he assaulted her and was asked to leave. (Obj. at 271.) Therefore, the default is not excused.

### III. CONCLUSION

Because Fields's sole ground for relief is procedurally barred, the petition for a writ of habeas corpus (Doc. No. 1) is DISMISSED. Further, for the reasons set forth above, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.C.S. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: January 22, 2019

                                             **HONORABLE SARA LIOI**
                                             **UNITED STATES DISTRICT JUDGE**